UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:14CV213

| | |
|---|---|
| **REBECCA CASTRO,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| **CAROLYN W. COLVIN, Acting Commissioner of** ) | |
| **Social Security,** ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the court upon Plaintiff's Motion for Judgment on the Pleadings (Doc. No. 11) and the Commissioner's Motion for Summary Judgment (Doc. No. 14). Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

### I. Administrative History

Plaintiff filed an application for a period of disability and Disability Insurance Benefits in July of 2011, alleging a disability onset date of October 31, 2008. Plaintiff's claim was denied both initially and on reconsideration; thereafter, plaintiff requested and was granted a hearing before an administrative law judge ("ALJ"). After conducting a hearing, the ALJ issued a decision which was unfavorable to

plaintiff, from which plaintiff appealed to the Appeals Council. On June 13, 2014, the Appeals Council issued a final decision on Plaintiff's applications, which (along with the portions of the ALJ's opinion that the Appeals Council adopted) is the final decision of the Commissioner. Thereafter, Plaintiff timely filed this action.

## II.  Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not *de novo*, *Smith v. Schwieker*, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *Richardson v. Perales*, *supra*. Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if supported by substantial evidence. *Hays v. Sullivan*, *supra*.

## III.  Substantial Evidence

**A.  Sequential Evaluation**

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title II pursuant to the following five-step analysis:

(1) Whether the claimant is engaged in substantial gainful activity;

(2) Whether the claimant has a severe medically determinable impairment, or a combination of impairments that is severe;

(3) Whether the claimant's impairment or combination of impairments meets or medically equals one of the Listings in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) Whether the claimant has the residual functional capacity ("RFC") to perform the requirements of his past relevant work; and

(5) Whether the claimant is able to do any other work, considering her RFC, age, education, and work experience.

20 C.F.R. §§ 404.1520(a)(4)(i-v). In this case, the Commissioner determined Plaintiff's claim at the fifth step of the sequential evaluation process.

## B. The Administrative Decision

In his decision, the ALJ first concluded that Plaintiff had not engaged in substantial gainful activity since her alleged onset date (Tr. 25). At the second step, the ALJ concluded that Ms. Castro had the following severe impairments: chronic obstructive/restrictive pulmonary disease; obesity; cardiovascular disease with benign essential hypertension; obstructive sleep apnea and an anxiety disorder. *Id*. At the third step, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1 (Tr. 26-28). With regard to Listing 3.00, the ALJ stated as follows:

> The listing criteria for Listing 3.00 of the Listing of Impairments have specifically been addressed. However, the evidence contains no definitive documentation of loss of pulmonary function resulting in an impairment which would preclude the claimant from engaging in gainful activity. No treating physician has mentioned findings equivalent in severity to the criteria of any listed impairment, nor does the evidence show medical findings that are the same or equivalent to those of any listed impairment of the Listing of Impairments.

(Tr. 26).

The ALJ then found that Plaintiff retained the residual functional capacity to perform light work as defined in 20 C.F.R. § 404.1567(b) and § 416.967(b), except for the following: she can never have concentrated exposure to temperature extremes, pulmonary irritants, or hazards; she is able to adapt to only routine

4

changes in setting and is limited to work that requires no more than occasional public interaction (Tr. 28). In making this finding, the ALJ considered all symptoms and the extent to which these symptoms could reasonably be accepted as consistent with the objective medical evidence and other evidence, as required by 20 C.F.R. §§ 404.1527 and 416.927. *Id*. While the ALJ found that the Plaintiff's impairments could reasonably be expected to cause the alleged symptoms, he determined that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely credible (Tr. 32).

At the fourth step, the ALJ found the claimant was unable to perform any past relevant work (Tr. 35). However, at the fifth step, the ALJ concluded that there were jobs that exist in significant numbers in the national economy that Plaintiff can perform, including inspector, bench worker, and packer (Tr. 35-36).

### C. Discussion

Plaintiff has made the following assignments of error: 1) whether the ALJ failed to evaluate Plaintiff's favorable Medicaid decision and whether the Appeals Council adequately addressed it; and 2) whether the ALJ failed to consider obviously probative evidence in assessing Plaintiff's credibility and RFC.

On August 9, 2012, the State of North Carolina found Ms. Castro disabled pursuant to SSA Listing 3.02A. The Medicaid officer recognized that her earlier

pulmonary function tests ("PFT"s") from 2011 and early 2012 were not yet severe or listing level, but that over the last several months she had experienced a "significant decline in her FEV1 [forced expiratory volume] readings such that they meet the requirements of the SSA/SSI Listing under section 3.02A." (Tr 254). The ALJ did not mention the Medicaid decision in his ruling.

The Fourth Circuit recently reiterated that "[u]nder the principles governing SSA disability determinations, another agency's disability determination cannot be ignored and must be considered." *Bird v. Commissioner*, 699 F.3d 337, 343 (4th Cir. 2012). It is reversible error for an ALJ to neglect to consider a Medicaid disability determination. *See generally, Joyner v. Astrue*, 2013 WL 310056 (E.D.N.C. Jan. 25, 2013). As the court noted in *Alexander v. Astrue*, although the state disability determinations are not binding on the Social Security Administration, they are nevertheless evidence that "must be considered" and not explaining the consideration given to these decisions constitutes error. 2010 WL 4668312 *3 (E.D.N.C., Nov. 5, 2010).

Although the ALJ clearly erred in not considering the Medicaid decision, the Appeals Council did consider the decision, but assigned it "minimal weight" because it did "not contain an adequate rationale for finding that the claimant has been 'disabled' since December 2011." (Tr. 5). The Appeals Council expressly noted that

"there were no valid pulmonary test results documenting a reduced lung capacity **because there are only pre-bronchodilator study results with no post-bronchodilator study results in the claimant's medical records**." *Id.* (emphasis added).

Plaintiff argues that this finding by the Appeals Council was based on false grounds because, contrary to the statement by the Appeals Council that there were only pre-bronchodilator study results in the record, her May 2012 medical treatment notes from Allergy Partners of Western North Carolina contains a post-bronchodilator study which appears to meet Listing 3.02A's criteria. Plaintiff is correct. In May of 2012, Ms. Castro's pulmonary functioning tests included measurements which were taken post-bronchodilator administration and the value was 1.09, which indicates severe, listing level reduced lung capacity (Tr. 499). Thus, the Appeal's Council's reasoning for giving the Medicaid decision minimal weight was based on incorrect grounds with an inadequate review of the record. Indeed, the Medicaid decision explicitly stated that Ms. Castro was credible regarding her breathing difficulties because "of note is that her pulmonary function has actually decreased with bronchodilator administration." (Tr. 254).

Defendant argues that the Appeals Council listed three reasons as to why it gave the Medicaid decision minimal weight. In addition to the reason discussed

above, the Appeals Council noted that the Medicaid decision "did not contain an adequate rationale for finding that Ms. Castro had been disabled since 2011" and that it was not bound by the Medicaid decision (Tr. 5). Essentially, Defendant is arguing that any error the Appeals Council may have made is harmless because either of the additional bases that the Appeals Council relied upon in assigning minimal weight to the Medicaid decision would be sufficient. However, it is not the place of a reviewing court to reconsider the evidence. *See Hays*, 907 F.2d at 1456. More specifically in this instance, now that one of the Appeal Council's stated reasons for assigning minimal weight to the Medicaid decision has proven to be erroneous, it is not this Court's place to speculate what amount of weight it would have extended to the remaining reasons or to further speculate whether the Appeals Council would have found such reason a sufficient basis for denying Plaintiff's claim.

Given that the ALJ gave no consideration to the Medicaid decision and the Appeals Council gave an incorrect reason for rejecting it, this case must be remanded for proper evaluation and weighing of the decision under Soc. Sec. Ruling 06-03p. Evaluation of this decision affects not only the Step 3 analysis in this case, but also evaluation of Ms. Castro's credibility and RFC regarding her persistently poor lung capacity and functional stamina (her second assignment of error).

## IV. Conclusion

The undersigned has carefully reviewed the decision of the ALJ and Appeals Council, the transcript of proceedings, Plaintiff's motion and briefs, the Commissioner's responsive pleadings, and Plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is not supported by substantial evidence. Accordingly, Plaintiff's Motion for Judgment on the Pleadings will be granted, the Commissioner's Motion for Summary Judgment will be denied, and the decision of the Commissioner will be reversed, and this matter will be remanded for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1) the decision of the Commissioner, denying the relief sought by Plaintiff, is **REVERSED**;

(2) the Plaintiff's Motion for Judgment on the Pleadings (Doc. No. 11) is **GRANTED**;

(3) the Commissioner's Motion for Summary Judgment (Doc. 14) is **DENIED**; and

(4) this action is **REMANDED** for a new hearing.

Signed: October 1, 2015

Graham C. Mullen
United States District Judge